UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALWANI KUMAR,

    Plaintiff,

v.

JOHNSON & JOHNSON, INC., et al.,

    Defendants.

Civil Action No. 12-779 (MAS) (DEA)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Alwani Kumar's ("Plaintiff") motion for reconsideration, pursuant to Local Civil Rule 7.1, of the Court's October 31, 2014 Opinion and Order (ECF Nos. 62, 63) granting in part and denying in part Defendants Johnson & Johnson, Inc., Ethicon, Inc., and Johnson & Johnson Consumer Products, Inc.'s (collectively "Defendants") motion for summary judgment. (ECF No. 66.) Defendants filed opposition to the motion. (ECF No. 72.) The Court has carefully considered the parties' submissions and decided the matter without oral argument pursuant to Local Civil Rule 78.1.

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only

when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

Plaintiff moves for reconsideration of three portions of this Court's October 31, 2014 decision, granting in part and denying in part Defendants' motion for summary judgment: (1) "dismissing . . . Kumar's demotion claim as untimely"; (2) "ruling that the lowering of Kumar's Succession Planning Score for 2010, reducing her bonus for 2010 and denying Plaintiff temporary employment in June of 2011, could not . . . be considered retaliation as [it] relates to Kumar's FMLA leave"; and (3) "dismissing Kumar's constructive discharge claim as it relates to her FMLA cause of action." (Pl.'s Br. 1, ECF No. 66-1.)

A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. Here, Plaintiff is merely asking this Court to rethink what it has already thought through. Plaintiff has failed to proffer any change in law, unconsidered evidence, or persuasive argument that the Court has committed a clear error of law that requires correction.

For the reasons set forth above, and other good cause shown,

**IT IS** on this <u>7th</u> day of January, 2015, **ORDERED** that Plaintiff's motion for reconsideration (ECF No. 66) is **DENIED**.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**